# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NOHELIA M. CASTILLO <br> 6127 Lamont Drive <br> New Carrollton, MD 20784 <br><br> PLAINTIFF, <br><br> v. <br><br> JOANN URQUHART, M.D., P.C. <br> *Attn: Joann Urquhart* <br> 9420 Key West Avenue, Suite 340 <br> Rockville, MD 20850 <br><br> And <br><br> JOANN URQUHART <br> 7905 River Falls Drive <br> Potomac, MD 20854 <br><br> DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff Nohelia M. Castillo ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Joann Urquhart, M.D., P.C. ("Joann Urquhart, M.D.") and Joann Urquhart ("Urquhart", collectively "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401, *et seq.*, ("MWHL") and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Nohelia M. Castillo is an adult resident of the State of Maryland. By participating as a named plaintiff in this action, she consents to prosecute her claim against Defendants under the FLSA, the MWHL, and the MWPCL.

2. Joann Urquhart, M.D. is a corporation formed under the laws of the State of Maryland with its principal office in Montgomery County, Maryland.

3. Joann Urquhart, M.D. is a cardiologist's office operating in the State of Maryland.

4. Urquhart continuously owned and operated Joann Urquhart, M.D. for the duration of Plaintiff's employment with Defendants.

5. At all times during Plaintiff's employment, Defendants' company provided services that otherwise traveled outside of the State of Maryland and the United States. Thus, Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA.

6. Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment. Therefore, Joann Urquhart, M.D. qualifies as an "enterprise" within the meaning of § 3(r) of the FLSA.

7. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, provided a service that was for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under §§ 206-207 of the FLSA.

## FACTS

8. Urquhart continuously owned and operated Joann Urquhart, M.D. as a company in the State of Maryland at all relevant times during Plaintiff's employment.

9. At all times during Plaintiff's employment, Defendants were Plaintiff's "employers" for purposes of the MWHL, the MWPCL, and the FLSA.

   a. Throughout Plaintiff's employment, Urquhart had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. Throughout Plaintiff's employment, Urquhart had the power to supervise Plaintiff's work duties to ensure her work was of sufficient quality.

   c. Throughout Plaintiff's employment, Urquhart set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule.

   d. Throughout Plaintiff's employment, Urquhart set and determined or had the power to set and determine Plaintiff's rate and method of pay.

   e. Throughout Plaintiff's employment, Urquhart controlled, and were in charge of, the day-to-day operations of Joann Urquhart, M.D.

10. Nohelia M. Castillo worked for Defendants from August 22, 2012 until May 5, 2017.

11. Plaintiff Nohelia M. Castillo typically and customarily worked roughly forty-seven (47) hours per week. Defendants had knowledge that Nohelia M. Castillo typically worked forty-seven (47) hours per week. Alternatively, Defendants suffered or permitted Nohelia M. Castillo to work forty-seven (47) hours per week.

12. During the relevant period, Defendants paid Nohelia M. Castillo between $22.00 and $25.00 per hour, up to forty (40) hours per week. Defendants did not pay Plaintiff for the hours she worked over forty. Therefore, Defendants failed to pay Plaintiff one-and-one-half times (1.5x) her "regular rate" for her overtime hours.

13. Additionally, Nohelia M. Castillo accrued seven (7) days of vacation time when she stopped working for Defendants. Defendants withheld and ultimately failed to pay Nohelia M. Castillo for those seven (7) days of accrued vacation time when she stopped working for Defendants.

14. Plaintiff did not perform work that meets the definition of "exempt work" under the MWHL, the MWPCL, or the FLSA, and Plaintiff did not fall outside the scope of the overtime pay requirement.

15. Defendants' failure to pay Plaintiff overtime and accrued vacation time pay, as required by the FLSA, the MWHL and the MWPCL, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

16. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

17. The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

18. At all times, Plaintiff was Defendants' "employee" pursuant to § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" pursuant to § 207(a)(2) of the FLSA.

19. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at her overtime rate for all overtime hours Plaintiff worked in a workweek. Plaintiff did not perform work that would render her exempt from overtime pay.

20. As set forth above, Defendants had knowledge that Nohelia M. Castillo worked approximately forty-seven (47) hours each week of her employment. Alternatively, Defendants suffered or permitted Plaintiff to work approximately forty-seven (47) hours each week.

21. As set forth above, Defendants failed and refused to pay Plaintiff at her overtime rate for the overtime hours she worked.

22. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and were not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
**(Violation of Maryland Wage and Hour Law)**
**(Overtime)**

23. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

24. Plaintiff was "employee" and Defendants were "employers" within the meaning of the MWHL. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) her regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

25. As set forth above, Defendants paid Plaintiff her hourly rate regardless of the number of hours worked.

26. As set forth above, Defendants had knowledge that Nohelia M. Castillo worked roughly forty-seven (47) hours per week. Alternatively, Defendants suffered or permitted Plaintiff to work roughly forty-seven (47) hours per week.

27. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at her overtime rate for all the overtime hours Plaintiff worked in each week.

28. As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly paid Plaintiff her straight time rate for overtime hours instead of the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Maryland Wage Payment and Collection Law
### (Unpaid Wages)

29. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

30. Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

31. Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

32. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work performed, including her overtime wages and accrued vacation time.

33. As detailed above, Defendants withheld and ultimately failed to pay Nohelia M. Castillo for the hours she worked over forty and her overtime rate for those same hours she worked over forty (40) every week.

34. Additionally, Defendants withheld and ultimately failed to pay Nohelia M. Castillo for seven (7) days of accrued vacation time when she stopped working for Defendants.

35. Defendants' failure and refusal to pay all the overtime wages and accrued vacation time due to Plaintiff was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to her, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

Michael K. Amster
Bar Number: 18339
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*