

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

August 18, 2022

Geoffrey R. Garinther

**T 410.494.6212**
**F 410.821.0147**
GRGarinther@Venable.com

*VIA ECF FILING*
The Honorable Paula Xinis
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    Supplemental Briefing re Plaintiff's Motion *in Limine*, *Nohelia Castillo v. Joann Urquhart, M.D., P.C. and Joann Urquhart*, Case No. 8:17-CV-01810-PX

Dear Judge Xinis:

      Pursuant to the Court's authorization to submit further briefing, granted at the hearing held on August 1, 2022, Defendants hereby submit the following analysis regarding their opposition to Plaintiff's Motion *in Limine* seeking to exclude all evidence of Plaintiff's tax returns. Plaintiff's response is also outlined herein.

    **I.**    **Supplemental Briefing re Defendants' Opposition to Plaintiff's Motion *in Limine***

      A party may impeach a witness's credibility by attacking their character for truthfulness; this includes cross-examining a witness about the witness's "prior bad acts that are probative of truthfulness" and for which the witness was not criminally convicted.[1] Fed. R. Evid. 608(b); *Behler v. Hanlon*, 199 F.R.D. 553, 559 (D. Md. 2001). A witness's false statements under oath or penalty of perjury, such as those on a tax return, have long been found to be probative of the witness's truthfulness and are thus proper material for cross-examination. *See, e.g.*, *Simon v. United States*, 123 F.2d 80, 85 (4th Cir. 1941) ("[T]he making of false statements under oath with respect to the date of birth in the application for the visa and with respect to an item of income of $4,000 in the 1937 tax return were proper subjects of inquiry, with the view of testing the credibility of the defendant who was testifying in his own behalf.") (citing *Rees v. United States*, 95 F.2d 784, 793 (4th Cir. 1938)); *United States v. Moore*, 2011 WL 2457874, at *6 (E.D. Va. June 16, 2011) ("During trial, the Court ruled that filing a false return . . . fell within the general rubric of character for untruthfulness because the tax return is filed under penalty of perjury. Thus, making a false

---

[1] Impeachment based on criminal convictions is addressed separately in Federal Rule of Evidence 609.

statement about income on a tax return is probative of character for untruthfulness."), *aff'd*, 498 F. App'x 195 (4th Cir. 2012).

Accordingly, the Court should permit Defendants to examine Plaintiff about whether she failed to include all income (*i.e.*, made false statements) under oath on her tax returns because such conduct is probative of her character for truthfulness.

Additionally, if Plaintiff does not recall information regarding her tax filings or if she testifies inconsistently with their contents, Defendants should be permitted to introduce Plaintiff's tax returns without publishing the document to the jury. Although Rule 608(b) prohibits the admission of extrinsic evidence when it is offered ***only*** to "attack or support the witness' character for truthfulness" it does not restrict the introduction of extrinsic evidence "offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity)."  Fed. R. Evid. 608(b) advisory committee's note; *see, e.g.*, *Sam's Club v. NLRB*, 173 F.3d 233, 241 (4th Cir. 1999) ("[T]he general rule is that . . . [t]he pretrial statement is usable on cross-examination, for purposes of impeachment, to present earlier, contradictory statements, but it is not substantive evidence of the truth of the extra-judicial statements.") (alterations in original) (quoting *Comm. Counselling Serv., Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963)).

Here, Plaintiff declared under penalty of perjury on her tax filings that she examined the document and that "to the best of [her] knowledge and belief, it is true, correct, and complete." *See generally* Internal Revenue Service Form 1040. Any information on Plaintiff's sworn tax returns which contradicts the testimony she gives at trial would be admissible as a prior inconsistent statement. *See* Fed. R. Evid. 613(b); *see also United States v. Barile*, 286 F.3d 749, 755 (4th Cir. 2002). In this way, Plaintiff's tax returns would not be offered as substantive proof of Plaintiff's ***character*** for untruthfulness, but as evidence that she has made multiple contradictory statements under oath and is thus an unreliable witness. *See United States v. Lutz*, 1998 U.S. App. LEXIS 18301, at *9-11 (4th Cir. Aug. 7, 1998) (per curium) ("[T]he prosecution could not offer extrinsic evidence of prior *conduct* [under Rule 608(b)] to prove the falsity of an answer given. . . . [The] evidence admitted in the instant action was Appellant's *own prior statement*, not prior conduct. . . . When Appellant denied lying under oath in the boating trial, his taped statement was used properly for impeachment as a prior inconsistent statement.") (emphasis in original).

Similarly, if Plaintiff testifies that she does not recall what information she listed on her tax filings, Defendants should be permitted to use the tax filings themselves to refresh her recollection. *See* Fed. R. Evid. 612.

Courts have generally "allowed a questioner to ask about extrinsic documents during cross-examination and show them to the witness, but not to publish the documents to the jury" under Rule 608(b), particularly where the documents themselves were not admitted into evidence as



The Honorable Paula Xinis
August 18, 2022
Page 3

proof of a specific instance of misconduct. *See e.g.*, *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020) (citing *United States v. Delaine*, 517 F. App'x 466, 470 (6th Cir. 2013)).

Such could be the case here: As described above, Plaintiff's tax returns are a proper subject of testimony for the purpose of impeaching Plaintiff's credibility. If made necessary by Plaintiff's testimony, Defendants should also be permitted to show Plaintiff her tax returns without publishing them to the jury.

## II. Plaintiff's Further Opposition to the Admission of Evidence or Testimony Related to Plaintiff's Tax Returns

Preliminarily, Plaintiff objects to the belated timing of Defendants' supplemental briefing above. Despite this Court's authorization, on August 1, 2022 – 18 days ago – Defendants waited until August 17, 2022, just two days before jury selection, to circulate a copy of their arguments to Plaintiff's counsel. Such dilatory timing does not leave Plaintiff with enough time to formulate a complete and thorough response at this late stage.[2]

Regardless of the delayed timing of Defendants' supplemental briefing, the Court should preclude all evidence regarding Plaintiff's tax returns. As Plaintiff has already pointed out in her Motion *in Limine*, this Court already denied Defendants' efforts to compel her tax returns in discovery. In essence, Defendants now seek to admit documents and evidence at trial that this Court already ruled were not even discoverable, much less admissible. Defendants present case law herein to demonstrate that tax returns can be used to demonstrate a witness' character for truthfulness. Defendants fail to address, however, the ultimate probative value of Plaintiff's specific tax returns in this action. For the reasons stated below, Plaintiff's tax returns are not sufficiently probative for her character for truthfulness.

---

[2] This is especially so because Plaintiff's counsel is travelling from out of state for jury selection and will be travelling throughout the day on Thursday August 18 – leaving only one day to respond to Defendants' arguments.



The Honorable Paula Xinis
August 18, 2022
Page 4

      The tax returns in question are not relevant to Plaintiff's character for truthfulness in this matter. The returns are from 2014 and 2015 – 7 and 8 years ago respectively. Importantly, the 2014 return was prepared by a tax professional which further diminishes any weight the jury could give to any alleged inaccuracies. Similarly, Defendants only have a single page of Plaintiff's 2015 return which does not even include her signature. During the August 1, 2022 hearing, Defendants' counsel represented that Plaintiff's husband's income was not included in one or both of the returns. Even to the extent this allegation might be true, Defendants would be required to present evidence that Plaintiff or her husband had income that was not claimed. Presenting this evidence (if it is even available) would distract the jury from the facts of this case and create a mini trial because defendants will need to prove: (1) Plaintiff had income that was not disclosed on her tax returns, (2) such income was taxable as a matter of law, and (3) Plaintiff knew the income was taxable. Further, if the alleged unclaimed income was earned by Plaintiff's husband, Defendants would need to prove Plaintiff was aware of that income.

      In *United States v. Moore*, 498 Fed. Appx. 195 (4th Cir. 2012), discussed in greater detail in Plaintiff's Motion *in Limine*, the Fourth Circuit stated that an individual's "failure to file serves to impeach the witness only if the circumstances surrounding the failure to file prove that the witness actually owed taxes." *Id.* at 214. Allowing such testimony, even to the extent it may be "minimally relevant . . . [is] substantially outweighed by the danger of confusion of the issues, misleading the jury, and considerations of delay and waste of time under Rule 403." *Id.* The same is true here. The substantial risk of prejudice to Plaintiff outweighs any minimal probative value the tax returns may have.

      Accordingly, the returns and related testimony are not sufficiently probative of Plaintiff's character for truthfulness and Defendants should be precluded from entering any such evidence at trial in this action.

                          Respectfully submitted,

                          /s/
                          Geoffrey R. Garinther, Bar No. 4033
                          Robin L.S. Burroughs, Bar No. 20507
                          Venable LLP
                          600 Massachusetts Avenue NW
                          Washington, DC 20001
                          (202) 344-4000 (phone)
                          (202) 344-8300 (facsimile)
                          GRGarinther@Venable.com
                          RSBurroughs@Venable.com

cc:      All counsel of record (via CM/ECF filing)